IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ABEL EDUARDO CHOCOJAY
MONTERROZO,
               *Petitioner*,
    v.                                     1:25-cv-01694-MSN-WEF

JOSEPH SIMON, *et al*.,
                      *Respondents*.

ORDER

Abel Eduardo Chocojay Monterrozo ("Petitioner") has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Mr. Chocojay Monterrozo alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I); the Administrative Procedure Act ("APA") (Count II); and his right to procedural due process (Count III).

Mr. Chocojay Monterrozo is currently detained at the Farmville Detention Center within this Court's jurisdiction. He has sued Joseph Simon, the Field Office Director of ICE's Enforcement and Removal Operations Washington Field Office; Kristi Noem, the DHS Secretary; and Pamela Bondi, the Attorney General. Respondents have opposed the Petition. ECF 4. For the reasons that follow, the Court will grant the Petition as to Count III.[1]

---

[1] Because the Court grants the Petition as to Count III it need not address Petitioner's claims that his detention violates the INA (Count I) and APA (Count II).

## I. BACKGROUND

Mr. Chocojay Monterrozo is a native and citizen of Guatemala. ECF 1 ¶ 34. In 2000, he entered the United States without inspection and has lived here since. *See id.* In 2012, ICE served him with a Notice to Appear[2] that charged him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* at ¶ 35. An Immigration Judge ("IJ") concluded that Mr. Chocojay Monterrozo was detained under 8 U.S.C. § 1226 and released him on bond. *Id.* The IJ subsequently granted the parties' joint motion to dismiss the removal proceedings. *Id.*

Mr. Chocojay Monterrozo now has three U.S. citizen children and is married to a U.S. citizen. *Id.* at ¶ 36. In June 2025, he was charged with driving while intoxicated by the Stafford General District Court. *Id.* at ¶ 37. He was found guilty, ordered to pay a $250 monetary fine, and sentenced to a 90-day suspended sentence. *Id.*

On August 23, 2025, ICE officers stopped Mr. Chocojay Monterrozo after his release from Rappahannock Regional Jail and served him with a Notice to Appear, charging him again as being inadmissible. ECF 1 ¶ 38; ECF 4-1 ¶¶ 7–9. Mr. Chocojay Monterrozo has been detained at Farmville Detention Center since. ECF 4-1 ¶ 7.

On September 19, 2025, Mr. Chocojay Monterrozo filed a motion for custody redetermination, seeking release on bond. *Id.* ¶ 10. On October 1, 2025, an IJ denied Mr. Chocojay Monterrozo's motion, concluding that the IJ lacked jurisdiction under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) to conduct a bond redetermination hearing because Mr. Chocojay Monterrozo is detained pursuant to 8 U.S.C. § 1225(b)(2). *Id.* at ¶ 12; ECF 1 ¶ 40. On October 6, 2025, Mr. Chocojay Monterrozo filed the instant petition seeking his release or a bond hearing before an IJ. ECF 1.

---

[2] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

## II. ANALYSIS

The central question posed in the Petition is whether Mr. Chocojay Monterrozo is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Mr. Chocojay Monterrozo contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to procedural due process.[3] Respondents "recognize that several jurists of this Court have recently rejected . . . Respondents' arguments" that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF 4 at 3; *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raise these same arguments "to preserve them for appeal." ECF 4 at 3.

At bottom, Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 8–19. They therefore argue that because Mr. Chocojay Monterrozo is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.* at 9–10.

---

[3] Petitioner's request for relief includes a request that the Court "[d]eclare that the refusal to allow him a bond redetermination hearing before an IJ violates the INA, APA, and Due Process." ECF 1 at 10. Respondents argue that this Court, acting in habeas, lacks the ability to award an "independent declaratory judgment." ECF 4 at 6-8. But Respondents do not dispute that this Court is able to ultimately adjudicate whether the denial of Petitioner's request for release on bond violates the INA, APA, or due process. *Id.* at 6. Because the Court determines that Petitioner is entitled to an order requiring Respondents to provide him with a bond hearing under § 1226(a), it need not address the issue of whether it may award separate declaratory relief.

3

Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[4] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Mr. Chocojay Monterrozo has been present in the United States for twenty-five years, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ

---

[4] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

makes such a determination, Mr. Chocojay Monterrozo's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *9–10, violates his right to procedural due process.

### III.   CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Respondents shall hold a standard bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 7 days; and it is further

ORDERED that Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond is denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

October 27, 2025
Alexandria, Virginia